IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARC SACK | CIVIL ACTION NO. |
| Plaintiff, | |
| v. | |
| SHOWMARK MEDIA, LLC, and SHOWMARK HOLDINGS, LLC | |
| Defendants. | |

## **DEFENDANTS' NOTICE OF REMOVAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441(a) and 1446, the Defendants Showmark Media, LLC, and Showmark Holdings, LLC, hereby to this court the civil action from the Superior Court, Judicial District of Hartford at Hartford ("state court") described below and in support states as follows:

1. On November 26, 2014, Plaintiff, Marc Sack, filed an action against the defendants in the state court entitled *Marc Sack, Individually and on Behalf of all Other Similarly Situated Individuals v. Showmark Media, LLC, and Showmark Holdings, LLC*, in the Superior Court, Judicial District of Hartford at Hartford, bearing a return date of December 16, 2014, bearing Docket No. HHD-CV14-6055558-S.

2. On November 24, 2014, Showmark Media, LLC, was served with a copy of Plaintiff's original Writ, Summons, Complaint and Statement of Demand by State Marshal's deposit with the U.S. Postal Service on Incorp Services, Inc., its agent for service of process, One Commerce Center, 1201 N. Orange Street, Wilmongton, DE, 19801.  A copy of the Complaint served upon Incorp Services in the state court action and a copy of the summons filed therein are attached hereto as Exhibit A.  Such documents were received by Incorp Services on November 28, 2014.

3. On November 24, 2014, Showmark Holdings, LLC, was also served with a copy of Plaintiff's original Writ, Summons, Complaint and Statement of Demand by State Marshal's deposit with the U.S. Postal Service on Incorp Services, Inc., its agent for service of process, One Commerce Center, 1201 N. Orange Street, Wilmongton, DE, 19801.  A copy of the Complaint served upon Incorp Services in the state court action and a copy of the summons filed therein are attached hereto as Exhibit B.  Such documents were received by Incorp Services on December 8, 2014.

4. The defendants have not yet answered or otherwise responded to the referenced Complaint.  An Appearance for Defendants was filed in the Hartford Superior Court on December 16, 2014 (Exhibit F).

5. Plaintiff filed its Return of Service on November 26, 2014 (Exhibit C) and a supplemental appearance on December 1, 2014 (Exhibit D).

6. Defendant Showmark Media, LLC, first received a copy of the Complaint on November 28 and Defendant Showmark Holdings, LLC, on December 8, 2014, when each was received by Defendants' statutory agents for service of process. This Notice of Removal is timely and filed with this Court within the 30 days after receipt by Showmark Media LLC and Showmark Holdings of the initial pleadings setting forth the claims for relief upon which this action is based.

7. Plaintiff, Marc Sack, is a citizen and resident of the State of Connecticut. Complaint, at paragraph 5.

8. Defendant Showmark Media, LLC, is a limited liability company organized under the state of Delaware. See, Exhibit E, Declaration of John Hanaw. Showmark Media's sole member is Showmark Holdings, LLC. See, id.

9. Defendant Showmark Holdings, LLC, is a limited liability company organized under the state of Delaware. See, Exhibit E, Declaration of John Hanaw. Showmark Holdings' sole member is John Hanaw, a citizen of the United States of America and the State of Israel, who is a resident of the State of Israel. See, id.

10. Direction, control and coordination of Defendants occurs in the State of Maryland, rendering that such state the location of their principal place of business.  See, <u>id.</u>

11. Plaintiff's Complaint does not state a specific amount as damages.  It does, however, pray for Statutory Damages in the amount of $500 per violation.  See, Complaint, Demand for Relief (c).

12. Plaintiff further complains that Defendants "have jointly and severally sent or caused to be sent hundreds and/or thousands of unsolicited advertising emails to Connecticut residents", with each such email in violation of law.  See, Complaint, paragraph 4.

13. Plaintiff identifies eight such emails in his Complaint, for an individual claim of $4,000.  See, Complaint, paragraphs 10 & 13.

14. Plaintiff claims that there "are hundred and/or thousands of class members".  See, Complaint, paragraph 22.

15. Plaintiff seeks to recover on behalf of a class of residents of the State of Connecticut statutory damages of $500 per violation of Conn.Gen.Stat., sec. 52-570c, from the period beginning November 26, 2012, until adjudication of the complaint, plus attorneys' fees and costs.  See, Complaint, paragraphs 1, 3 & 21.

16. Defendants have undertaken to quantify the total statutory damages claimed by Plaintiff that were be owed if all or substantially all of the claimed violations were compensable.

17. Based upon this calculation of Plaintiff's putative class claims, the amount of the statutory damages sought is in excess of $8,000,000.[1]

18. According to 28 U.S.C., sec. 1446(d), copies of this Notice have been served on counsel for Plaintiff and filed with the Clerk of the Superior Court, Judicial District of Hartford. In addition, a copy of all pleadings filed in the State Court action are filed herewith.

19. The action is removable pursuant to the provisions of 28 U.S.C. §1332(d), 1441(a) because this is a class action wherein the amount in controversy exceeds the sum or the value of $5,000,000 exclusive of interests and costs, and all or substantially all of the Plaintiffs are citizens of a State (Connecticut) different from the state of which Defendants are citizens (Delaware).[2]

---

[1] "Thousands" of class members indicates a minimum of 2,000 class members. Plaintiff, as an alleged typical class member, claims he received 8 e-mails in violation of law. Thus, at least 16,000 violations (2,000 * 8) are claimed, with damages of at least $8,000,000 (16,000 * $500). Defendants have further undertaken to review their records and preliminarily agree that there would be at least 16,000 e-mails at issue. See, Exhibit E, Declaration of John Hanaw.

[2] Although Plaintiff pleaded that Defendants maintain a principal place of business in Connecticut, such is in error; it is a mere mail drop box that does not constitute the "nerve center" required by *Hertz Corp. v. Friend*, 559 U.S. 77, 97 (2010). See, Exhibit E, Declaration of John Hanaw.

20. In addition, this Court has Federal Question Jurisdiction pursuant to 28 U.S.C., sec. 1331, for the state-law cause of action, Conn.Gen.Stat., sec. 52-570c(b)(1)(B) has been wholly displaced by a federal statute, 15 U.S.C. sec. 7707(b).  See, Arditi v. Lighthouse Int'l, 676 F.3d 294, 299 (2d Cir. 2012).

21. The Defendants have filed a Notice of Filing this Notice of Removal and a copy of this Notice of Removal with the Clerk of the Superior Court for the Judicial District of Hartford at Hartford.

22. The Defendants state that there are no motions pending in this action before the Hartford Superior Court to its knowledge.

23. The Defendants have requested that the Clerk of the Superior Court for the Judicial District of Hartford certify or attest copies of all records or proceedings filed in the State Court and all docket entries therein, with the same to be filed with this Court within thirty (30) days.

WHEREFORE the Defendants, in the above action, now pending in the Superior Court for the Judicial District of Hartford at Hartford, prays that such action be removed to this Court.

                                          Respectfully submitted,
                                          THE DEFENDANTS

| | |
|---|---|
| Date:  December 23, 2014 | By: /s/ Jay M. Wolman<br>Jay M. Wolman ct29129<br>Bruce H. Raymond ct04981<br>Raymond Law Group LLC<br>90 National Drive, Suite 3<br>Glastonbury, CT 06033<br>P: 860-633-0580<br>F: 860-633-0438<br>wolman@raymondlawgroup.com<br>Raymond@raymondlawgroup.com<br>Their Attorneys. |

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this date a copy of foregoing pleading was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing, including:

    Richard E. Hayber, Esq.
    Hayber Law Firm LLC
    221 Main Street, Suite 502
    Hartford, CT 06106

    Matthew Forrest, Esq.
    72 Somerset Street
    Wethersfield, CT 06109

Parties may access this filing through the court's CM/ECF System.

Date:  December 23, 2014                      /s/ Jay M. Wolman
                                                                      Jay M. Wolman