| SUMMONS - CIVIL<br>JD-CV-1 Rev. 9-14<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,<br>52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1 | STATE OF CONNECTICUT<br>SUPERIOR COURT<br>www.jud.ct.gov | See other side for instructions |
|---|---|---|
| ☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.<br>☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.<br>☐ "X" if claiming other relief in addition to or in lieu of money or damages. | | TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint. |

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 Washington Street, Hartford, CT 06106 | (860) 548-2700 | December 16, 2014 |

| ☒ Judicial District        G.A.<br>☐ Housing Session    Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)<br>Hartford | Case type code (See list on page 2)<br>Major: M       Minor: 90 |
|---|---|---|

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code)<br>Richard E. Hayber, The Hayber Law Firm, LLC, 221 Main Street, Suite 502, Hartford, CT 06106 | Juris number (to be entered by attorney only)<br>406659 |
|---|---|
| Telephone number (with area code)<br>(860) 522-8888 | Signature of Plaintiff (If self-represented) |
| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☒ Yes  ☐ No | Email address for delivery of papers under Section 10-13 (if agreed to)<br>rhayber@hayberlawfirm.com |

Number of Plaintiffs: 1      Number of Defendants: 2      ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Sack, Marc, 78 Tumblewood Lane, West Hartford, CT 06117<br>Address: | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: Showmark Media, LLC, 4 Research Dr, Suite 402, Shelton, CT 06484<br>Address: | D-01 |
| Additional Defendant | Name: Showmark Holdings, LLC., 4 Research Dr, Suite 402, Shelton, CT 06484<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Name of Person Signing at Left<br>Richard E. Hayber | Date signed<br>11/20/2014 |
|---|---|---|---|

| If this Summons is signed by a Clerk:<br>a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.<br>c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | For Court Use Only<br>File Date |
|---|---|

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date<br>11/20/2014 |
|---|---|---|

| Name and address of person recognized to prosecute in the amount of $250<br>Donna Pelletier, 221 Main Street, Hartford, CT 06106 | | |
|---|---|---|
| Signed (Official taking recognizance; "X" proper box) | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Date<br>11/20/2014 |

A TRUE COPY ATTEST
Keith D Niziankiewicz
Connecticut State Marshal

Docket Number

(Page 1 of 2)

| | |
|---|---|
| RETURN DATE: December 16, 2014 | SUPERIOR COURT |
| MARC SACK, individually and on behalf of all other similarly situated individuals, <br> Plaintiff, | JUDICIAL DISTRICT OF <br> HARTFORD |
| V. | |
| SHOWMARK MEDIA, LLC <br> and SHOWMARK HOLDINGS, LLC <br> Defendants. | NOVEMBER 20, 2014 |

## CLASS ACTION COMPLAINT

Plaintiff Marc Sack on behalf of himself and all others similarly situated, allege as follows:

1. Marc Sack brings this action against Showmark Media, LLC, ("Media") and Showmark Holdings, LLC ("Holdings") for violating Connecticut General Statutes Section 52-570c.

2. This law was enacted to prevent the sending of unsolicited advertising emails and prohibits the sending of unsolicited advertising emails to be sent unless (a) the sender identifies in the email a toll free number or valid return email address that the recipient may use to unsubscribe or otherwise notify the sender not to send any further unsolicited emails, and (b) the subject line begins with the letters "ADV."

3. This law further provides that any person aggrieved by a violation of the provisions of this section may bring a civil action in the Superior Court to enjoin further violations and for five hundred dollars for each violation, together with costs and a reasonable attorney's fee.

4. Upon information or belief, Defendants have jointly and severally sent or caused to be sent hundreds and/or thousands of unsolicited advertising emails to Connecticut residents in violation of this law. As a result, defendants are liable to plaintiff and the proposed class for damages attorneys' fees and costs.

5. Plaintiff Marc Sack is and has been, during the period of this lawsuit, a citizen and resident of the State of Connecticut.

6. Defendant Showmark Media, LLC is a Delaware corporation with a principal place of business at 4 Research Drive, Suite 402, Shelton, Connecticut.

7. Defendant Showmark Holdings, LLC is a Delaware corporation with a principal place of business at 4 Research Drive, Suite 402, Shelton, Connecticut.

8. Defendants produce and sell wall plaques and desktop marquees.

9. At all times relevant to this action Plaintiff maintained the email address: msack@nstarwp.com.

10. On or about Sunday, December 8, 2013 at 7:56 AM Defendants caused an email to be sent to Plaintiff at his email address containing advertising material regarding their products.

11. As of this date, Plaintiff did not have an established business relationship with defendants and did not solicit their email.

12. The email violated Connecticut's law in that it was unsolicited and the subject line did not begin with the letters "ADV."

13. Defendants sent additional emails of a similar nature to plaintiff on the following dates and times: December 10, 2013 - 11:59 AM, December 20, 2013 6:50 PM, December 24,

2013 6:46 PM, December 26, 2013 1:07 PM, January 17, 2014 12:39 PM, January 22, 2014 3:15 PM and January 27, 2014 4:05 PM.

14. All eight of the indicated emails were unsolicited and contained advertising material but did not include the letters "ADV" at the beginning of the "subject" line in violation of Connecticut law.

15. Defendants sent plaintiff these emails because he had recently been featured in Connecticut Magazine's December 2013 edition.

16. Upon information and belief, Defendants obtained Plaintiff's email address and the email address of others in Connecticut who had been featured in Connecticut Magazine's December 2013 edition and other publications without their knowledge or consent.

17. Defendants then caused unsolicited advertising emails to be sent to these Connecticut residents without including the letters "ADV" at the beginning of the "subject" line in violation of Connecticut law.

18. Upon information and belief, Defendants obtain email addresses from various sources, including but not limited to, the internet, computer programs, vendors, and/or other companies, designed for the purpose of acquiring email address for use in the Defendants' Companies' marketing strategy of sending unsolicited emails to Connecticut residents with the intention of improving profits.

19. Defendants then caused unsolicited advertising emails to be sent to these Connecticut residents from the emails acquired by way of averment 18 without including the letters "ADV" at the beginning of the "subject" line in violation of Connecticut law.

20. Plaintiff brings this class action on behalf of himself and all others similarly situated under sections 9-7 and 9-8 of the Connecticut Practice Book.

21. Plaintiff seeks to represent a class of individuals defined as follows:

> All residents of the State of Connecticut during the period beginning two years prior to the date of the filing of this complaint and continuing until the date of final judgment in this action to whom Defendants sent or caused to be sent unsolicited advertising emails without including the letters "ADV" at the beginning of the "subject" line.

22. This class is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit the parties and this court. Upon information and belief there are hundreds and/or thousands of class members. Upon information and belief the class size and identities of the individual members thereof are ascertainable through Defendants records including defendants email and marketing records.

23. Plaintiff's claims are typical of the claims of the members of the class because they are based on the same legal theories and arise from the same unlawful conduct.

24. There are questions of law and fact common to the class including whether Defendants sent or caused to be sent emails to plaintiff and the members of the class without their consent or a prior business relationship and whether the emails failed to contain the required information under Connecticut law.

25. The questions of fact and law common to Plaintiff and the class will predominate over questions that may affect individual members.

26. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the class and has no interest antagonistic to the members of the class. Plaintiff has retained counsel who is competent and experienced in litigation and especially class-action litigation.

27. A class action is superior to other available means for the fair and efficient adjudication of these claims. While the aggregate damages that may be awarded to the class as a whole is likely to be substantial, the damages suffered by individual members of the class are relatively small, i.e., only $500 per violation. The expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the class to individually seek redress for the wrongs done to them. The likelihood of the individual class members prosecuting separate claims is remote. Plaintiff is unaware of any other litigation concerning this controversy already commenced against defendants by any member of the class.

28. Individualized litigation also would present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. The conduct of this matter as a class action presents a view management difficulties conserves the resources of the parties and the court system and would protect the rights of each member of the class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

29. Defendants have acted on grounds generally applicable to the members of the class thereby making final injunctive relief respect to the class as a whole.

30. By the conduct described above defendants committed numerous violations of Conn.Gen.Stat. Section 52-570c against plaintiff and the members of the class by sending unsolicited emails containing advertising material without the legally required "ADV" indication in the "subject" line.

31. As a direct and proximate result of Defendant's illegal conduct, plaintiff and the members of the class are entitled to statutory damages in the amount of $500 per violation plus costs and reasonable attorney's fees.

32. Plaintiff and the members of the class are also entitled to an injunction against defendants prohibiting defendants from committing further violations of the statute.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff claims, individually and on behalf of all other similarly situated persons:

a. Certification of this action as a class action pursuant to 9-7 and 9-8 of the Connecticut Practice Book on behalf of members of the class and the appointment of Plaintiff and his counsel to represent the class;

b. Appointment of Plaintiff and his counsel as class representatives;

c. Statutory damages in the amount of $500 per violation;

d. An injunction enjoining Defendants from sending unsolicited advertising emails in violation of Connecticut law;

e. Pre-Judgment and Post-Judgment interest, as provided by law;

f. Attorneys' fees and costs;

g. Such other and further relief as the Court deems just and equitable.

MARC SACK, individually and on behalf of other similarly situated individuals

By: _____
Richard E. Hayber
**Hayber Law Firm, LLC**
221 Main Street, Suite 502
Hartford, CT 06106
Juris No.: 406659
(860) 522-8888
(860) 218-9555 (facsimile)
rhayber@hayberlawfirm.com

Attorneys for Plaintiff and the Class

A TRUE COPY ATTEST
Keith D Niziankiewicz
Connecticut State Marshal
Indifferent Person

STATE OF CONNECTICUT

| | |
|---|---|
| RETURN DATE: December 16, 2014 | SUPERIOR COURT |
| MARC SACK, individually and on behalf of all other similarly situated individuals, <br> Plaintiff, | JUDICIAL DISTRICT OF <br><br> HARTFORD |
| V. | |
| SHOWMARK MEDIA, LLC and SHOWMARK HOLDINGS, LLC <br> Defendants. | NOVEMBER 20, 2014 |

## STATEMENT OF AMOUNT IN DEMAND

WHEREFORE, the Plaintiff, individually and on behalf of all other similarly situated individuals, claims a cause of action seeking damages not less than $15,000, exclusive of interest and costs, which cause is within the jurisdiction of the Superior Court.

MARC SACK, individually and on behalf of other similarly situated individuals

By:_____
Richard E. Hayber
**Hayber Law Firm, LLC**
221 Main Street, Suite 502
Hartford, CT 06106
Juris No.: 406659
(860) 522-8888
(860) 218-9555 (facsimile)
rhayber@hayberlawfirm.com

Attorneys for Plaintiff and the Class

A TRUE COPY ATTEST
Keith D Niziankiewicz
Connecticut State Marshal
Indifferent Person