IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARC SACK | ) | CIVIL ACTION NO. 2:14-cv-01937 |
| Plaintiff, | ) | |
| v. | ) | |
| SHOWMARK MEDIA, LLC, and SHOWMARK HOLDINGS, LLC | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants in the above-captioned action file this Memorandum of Law in Support of their Motion to Dismiss. In support of the Motion to Dismiss, Plaintiffs state the following:

**STATEMENT OF FACTS**

This action arises from a claim by an individual Plaintiff named Marc Sack, claiming he received at least eight unsolicited e-mail messages from Defendants, Showmark Media, LLC, and Showmark Holdings, LLC.  See, Complaint, at paragraphs 1, 10 & 13.  Plaintiff claims that the said e-mail messages did not begin with the letters "ADV" in the subject line, in violation of Conn.Gen.Stat., sec. 52-570c.  See, id. at paragraphs 12, 14 & 30.  Plaintiff further purports to bring the matter as a putative class action on behalf of all those Connecticut residents who, during a two year period preceding the filing of the complaint, received unsolcited e-mail messages from Defendants without "ADV" starting the subject line.  See, id., at paragraphs 20 & 21.

Plaintiff, *inter alia*, seeks injunctive relief for the class and statutory damages of $500 per alleged violation. See, Complaint, Demand for Relief, at (c) & (d).

Based on the diversity of the parties and the claim exceeding $8,000,000, Defendants removed this matter to this Court on December 23, 2014.[1] See, ECF No. 1. Defendants now move to have the claims dismissed pursuant to the Rules and supporting case law.  Such motion is timely under Fed.R.Civ.P. 81(c)(2)(C).

## STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court must "assess the legal feasibility of a complaint" without consideration of the ultimate evidence a counterclaim plaintiff might proffer.  See, Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  In determining whether a plaintiff might have a plausible and valid claim for relief, the Court must consider the material facts alleged, accept them as true, and draw reasonable inferences in the favor of the non-moving party.   See, Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007); Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).  Under Twombly, in considering those material factual allegations, to meet the pleading requirement of Fed.R.Civ.P. 8, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and

---

[1] In addition, this Court may have Federal Question Jurisdiction pursuant to 28 U.S.C., sec. 1331, for the state-law cause of action, Conn.Gen.Stat., sec. 52-570c(b)(1)(B) has been wholly displaced by a federal statute, 15 U.S.C. sec. 7707(b).  See, Arditi v. Lighthouse Int'l, 676 F.3d 294, 299 (2d Cir. 2012).  But see, Wurtz v. Rawlings Co., LLC, 761 F.3d 232, 238 (2d Cir. 2014) (distinguishing express preemption from complete preemption) pet'n for cert. filed Oct. 17, 2014.

"enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Plaintiff cannot assert a viable cause of action because the state-law claim has been pre-empted.

## ARGUMENT

Plaintiff's individual and purported class claim suggest Defendants are liable for violation of Conn.Gen.Stat., sec. 52-570c, for failure to start the subject line of unsolicited e-mail advertising material with the letters "ADV".  See, generally, Class Action Complaint.  Although Plaintiff does not point to the specific subsection, the applicable portion is Conn.Gen.Stat., sec. 52-570c(b)(1)(B),2 which states:

> No person shall send unsolicited advertising material by electronic mail, or cause such material to be sent by electronic mail, to an electronic mail address held by a resident of this state unless: …(B) the subject line begins with the letters "ADV".

This law was enacted on June 26, 2003, as part of An Act Concerning Consumer Equipment Leases and Unsolicited Electronic Mail Advertising Material, 2003 Ct. ALS 128, 2, effective October 1, 2003.  Unfortunately for Plaintiff, this provision of law was, if anything, only controlling for the three months following its effective date.

On December 16, 2003, the Controlling the Assault of Non-Solicited Pornograph And Marketing Act of 2003 ("CAN-SPAM") was signed into law as Pub.L. 108-187, 117 Stat. 2699.  Pursuant to section 16 thereof, it took effect on January 1, 2004.  117 Stat.

---

[2] The statute further defines what constitutes unsolicited advertising material is, who covered persons are, and the penalties for violation, which, though not conceded, are not relevant for the purpose of this motion.

2719.  Such law was codified at 15 U.S.C. sec. 7701 et seq.  The CAN-SPAM act contains an express pre-emption clause, which provides:

> (b) State law
> (1) In general
> This chapter supersedes any statute, regulation, or rule of a State or political subdivision of a State that expressly regulates the use of electronic mail to send commercial messages, except to the extent that any such statute, regulation, or rule prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto.
>
> (2) State law not specific to electronic mail
> This chapter shall not be construed to preempt the applicability of—
> (A) State laws that are not specific to electronic mail, including State trespass, contract, or tort law; or
> (B) other State laws to the extent that those laws relate to acts of fraud or computer crime.

15 U.S.C. sec. 7707(b).  The U.S. Supreme Court recently addressed Federal preemption, stating:

> The Supremacy Clause provides a clear rule that federal law "shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." Art. VI, cl. 2. Under this principle, Congress has the power to preempt state law.  There is no doubt that Congress may withdraw specified powers from the States by enacting a statute containing an express preemption provision. (Internal citations omitted)

Arizona v. United States, 567 U.S. __132 S. Ct. 2492, 2500-2501 (2012).  Further, "[w]hen a federal law contains an express preemption clause, we focus on the plain wording of the clause, which necessarily contains the best evidence of Congress' pre-emptive intent." (internal citations and quotation marks omitte).  Chamber of Commerce of the United States v. Whiting, 563 U.S. __, 131 S. Ct. 1968, 1977 (2011). There is no question that C.G.S. sec. 52-570c(b) is a State statute expressly regulating the use of electronic mail to send commercial messages.  It is only specific to electronic mail.  It

4

does not prohibit falsity or deception.  By its plain wording, Conn.Gen.Stat., sec. 57-570c(b)(1)(B) was a statute Congress intended to pre-empt under CAN-SPAM.

Moreover, the CAN-SPAM Act was enacted by Congress precisely to permit e-mail markets to avoid state laws such as Conn.Gen.Stat. 52-570c(b), because of the inherent difficulty in determining geographic location based on an e-mail address.  See, 15 U.S.C. 7701(a)(11)(" Many States have enacted legislation intended to regulate or reduce unsolicited commercial electronic mail, but these statutes impose different standards and requirements. As a result, they do not appear to have been successful in addressing the problems associated with unsolicited commercial electronic mail, in part because, since an electronic mail address does not specify a geographic location, it can be extremely difficult for law-abiding businesses to know with which of these disparate statutes they are required to comply.")

Such preemption has been recognized for years.  See, e.g., Cain, Rita Marie, *When Does Preemption Not Really Preempt?  The Role of State Law after CAN-SPAM*, 3 I/S: J.L & POL'Y FOR INFO. SOC'Y 751, 760 & n. 56 (2007)("Most of the state anti-spam laws that were preempted by CAN-SPAM provided both ISPs and individual email recipients with private statutory claims. These state laws provided statutory damages that ranged from $ 10 per offending email message 55 to $ 500.") citing Conn.Gen.Stat., sec. 52-570c; Canfield, Nathaniel S., *The Fallacy of Publius as Spammer*,  20 GEO. MASON U. CIV. RTS. L.J. 449, 451 & n. 7 (2010) citing Conn.Gen.Stat., sec. 52-570c; *Linetsky, Yuri R., Protection of "Innocent Lawbreakers"*, 90 NEB. L. REV. 70, 113 & n. 297 (2011), citing Conn.Gen.Stat., sec. 52-570c.  Each of these scholars specifically

identified Conn.Gen.Stat., sec. 52-570c whose regulation of e-mail had been expressly preempted by CAN-SPAM.  For example, in 2006, the Fourth Circuit found an Oklahoma law that required identification of the point of origin of an e-mail, among other requirements, to have been preempted by CAN-SPAM.  See, <u>Omega World Travel, Inc. v. Mummagraphics, Inc.</u>, 469 F.3d 348, 355 (4th Cir. 2006).  See also, <u>Gordon v. Virtumundo, Inc.</u>, 575 F.3d 1040, 1064 (9th Cir. 2009) (finding Washington State law regulation of e-mail headers to be pre-empted).

Plaintiff does not allege that Conn.Gen.Stat., sec. 57-570c(b)(1)(B), requiring the use of "ADV" , is a regulation that prohibits falsity or deception.  It is a statute that regulates unsolicited commercial e-mail messages and does not relate to the truth of the representations contained therein.  It is a mere mechanical requirement, precisely of the kind Congress intended to preempt.

The "ADV" requirement may have been good law for the last three months of 2003.  Since that time, it has had no legal effect.  Plaintiff has no valid cause of action and the matter must be dismissed with prejudice.

                                              Respectfully submitted,

                                              THE DEFENDANTS

Date:  December 23, 2014                By: <u>/s/ Jay M. Wolman</u>
                                                  Jay M. Wolman ct29129
                                                  Bruce H. Raymond ct04981
                                                  Raymond Law Group LLC
                                                  90 National Drive, Suite 3
                                                  Glastonbury, CT 06033
                                                  P: 860-633-0580
                                                  F: 860-633-0438

                                                    wolman@raymondlawgroup.com
                                                    Raymond@raymondlawgroup.com
                                                    Their Attorneys.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date a copy of foregoing pleading was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing, including:

> Richard E. Hayber, Esq.
> Hayber Law Firm LLC
> 221 Main Street, Suite 502
> Hartford, CT 06106
>
> Matthew Forrest, Esq.
> 72 Somerset Street
> Wethersfield, CT 06109

Parties may access this filing through the court's CM/ECF System.

Date:  December 23, 2014                 /s/ Jay M. Wolman
                                         Jay M. Wolman